UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAPHA AWADA,                                           Case No. 06-15394
        Plaintiff,

                                                             Hon. Gerald E. Rosen

v.

ALBERTO GONZALES, MICHAEL
CHERTOFF, EMILIO T. GONZALEZ,
CAROL JENNIFER, RICHARD S.
MULLER, III

        Defendants.
_____/

**OPINION AND ORDER REGARDING DEFENDANTS'
MOTION TO DISMISS OR REMAND**

At a session of said Court, held in
The U.S. Courthouse, Detroit, Michigan
on    April 24, 2007

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

**I. Introduction**

Plaintiff Mustapha Awada filed the present action on December 5, 2006, complaining of an excessive delay in the processing of his Petition and Application for naturalization. Pursuant to 8 U.S.C. § 1447(b), a citizenship applicant may bring such an action if the Government does not make a determination on his application "before the end of the 120-day period after the date on which a [statutorily mandated] examination is conducted. . . ." Plaintiff alleges that with respect to his citizenship application this120-day period has lapsed and, therefore, he is now

1

eligible to have his application adjudicated.

The Government, by a motion filed on February 5, 2007, seeks dismissal of this action or a remand to the U.S. Citizenship and Immigration Services ("CIS") so that the agency may complete the processing of Plaintiff's application for naturalization. The Government argues that this Court lacks subject matter jurisdiction over this action because the 120-day period following an examination of an applicant has not, in fact, expired. In making this argument, the Government urges this Court to reconsider its previous holding in *Khelifa v. Chertoff,* 433 F.Supp.2d 836 (E.D. Mich. June 9, 2006), where a contrary interpretation of 8 U.S.C. § 1447(b) was reached. Alternatively, if this Court continues to find a jurisdictional basis for this action, the Government asks that it remand the case to the CIS for a determination of Mr. Awada's citizenship application. Plaintiff responded to this motion on February 26, 2007, asserting that this Court has jurisdiction to decide this issue as well as authority to determine the status of Mr. Awada's Petition and Application for Naturalization. The Goverment replied on March 6, 2007 re-asserting its original position. In addition, the Government also asks for the Court's "common sense" interpretation of the term "examination" as used in 8 U.S.C. § 1447(b).

The Court finds that the relevant facts, allegations, and legal arguments are adequately contained in the parties' submissions and in the written record as a whole, and, therefore, oral argument would not significantly aid the decisional process. Accordingly, the Court will decide Defendant's motion on the briefs. *See* Eastern District of Michigan Local Rule 7.1(e)(2).

## II. Discussion

*A. Background*

Plaintiff Mustapha Awada is a native and citizen of Lebanon. He was granted permanent

resident alien status in the United States on May 18, 2001, and became statutorily eligible to file Form N-400 Application for Naturalization on February 18, 2004.

Mr. Awada filed his Form N-400 with the U.S. Citizenship and Immigration Services' Nebraska Service Center on February 25, 2004. He was interviewed by an Immigration Officer on August 27, 2004, and after this interview, was informed that he successfully passed the English language and history tests. However, Plaintiff was advised that his background check was still pending. As of the date of the government's motion, the status of Mr. Awada's background check is still unknown. There appears to be no dispute that the only outstanding matter which prevents the adjudication of Plaintiff's N-400 application is his FBI background check.

*B. Application of 8 U.S.C. § 1447(b)*

This Court has previously discussed the statutory framework governing the CIS's processing of a naturalization application in *Khelifa v. Chertoff*, 433 F.Supp.2d 836 (E.D. Mich. 2006), and incorporates this discussion in this Opinion and Order.

*C. This Court Has Subject Matter Jurisdiction*

8 U.S.C. §1446(d) requires the CIS to determine whether to grant or deny an application for naturalization. Section 1447(b) pf the Act provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The Government argues that the 120-day statutory period has not yet commenced because the "examination" of the Plaintiff has not been completed. In making this argument, the

Government relies heavily on the interpretation of the term "examination" given by the court in *Danilov v. Aguirre,* 370 F.Supp 2d 441 (E.D. Va. 2005). There, the court found "examination" to mean the entire naturalization process rather than a single triggering event, such as the English language or history test. Under the *Danilov* court's interpretation, then, it would be only after the CIS had completed the entire naturalization process, i.e., satisfactory completion of the language and history exam *and* the FBI background check, that the 120-day statutory period would begin. This is the same argument the Government made in *Khelifa*. Defendant cites two additional unreported cases in support of the *Danilov* interpretation of "examination": *Walji v. Gonzales*, No. 06-1163, (S.D. Tex. Oct.6, 2006) and *Kassemi v. DHS,* 2006 WL 2938819 (D.N.J. Oct. 13, 2006). In both of these cases, the courts construed the term "examination" as meaning a process rather than a single event. Additionally, on April 3, 2007, the government proffered supplemental authority reinforcing its interpretation of the term "examination." *See Kitilya v. Gonzales, et al*, No, 06-1328 (C.D. Cal. March 20,2007), in which the court also interpreted the term "examination" as a process.

It is here that the Government urges this Court to take a "second careful look" at its previous interpretation in *Khelifa* of the term "examination." The Government argues that the "judicial tide has shifted against equating a naturalization interview with an applicant's full examination."

However, after taking a careful second look at its interpretation of the term "examination", this Court has decided to continue to follow its original jurisdictional holding in *Khelifa v. Chertoff*, *supra*. While some courts have adopted the interpretation found in *Danilov*, this Court still finds that an overwhelming majority of cases support this Court's original

holding.  *See Khelifa, supra.  See also, Hussein v. Gonzales*, 2007 WL 328691 (M.D. Fla., Jan. 31, 2007), and *Attili v. Federal Bureau of Investigations,* 2007 WL 471124 (S.D. Tex. Feb. 9, 2007), as other recent examples of other courts that continue to follow this Court's interpretation.

Applying these authorities, the Court finds that the 120-day statutory decisionmaking period commences when an applicant "appear[s] in person before a Service officer" as provided in the CIS regulation that governs examination, 8 C.F.R. §335.2.  The required FBI background check is entirely separate from this "examination," and the 12-day period is not tolled pending its completion.  Mr. Awada's "examination" was conducted on August 27, 2004 and the 120-day peiod has long since expired. This Court, thus, has subject matter jurisdiction under 8 U.S.C. § 1447(b).

### D.  *The Court Elects to Remand This Case for a Prompt Agency Determination*

Plaintiff has pointed out that this Court has authority to adjudicate the application pursuant to 8 U.S.C. § 1447(b).[1]  Yet, he also concedes that his FBI background check is not complete.  The Government's argument for remand to the CIS is the stronger one.  This Court is not equipped to make a complete determination as to Mr. Awada's eligibility for citizenship. The United States has an agency that functions on a daily basis to make such determinations.  *In El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005), the court held that a court is  not able to adjudicate an application for the very reason CIS had been precluded from making its own final determination -- the FBI background check was incomplete.  *Id* at 683-684.  *Essa v. Immigration Services,* 2005 WL 3440827 (D. Minn. Dec. 14 2005) expands *El-Daour*,  holding "to adjudicate

---

[1] Pursuant to Section 1447(b), the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

petitioners' applications at this stage would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application." More generally, a remand is consistent with the rule that, "[g]enerally speaking, a court...should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *Immigration & Naturalization Service v. Ventura*, 537 U.S. 12, 16 123 S.Ct. 353,355 (2002).

Mr. Awada has asked that this Court remand this case with a precise timetable requiring action by the FBI and CIS. Plaintiff points out that under § 1447(b), this Court has the discretion to "remand the matter, with appropriate instructions, to the Service to determine the matter." It is true that without some specificity, Mr. Awada would be in the same position as he was before he filed this action. However, this Court is as ill-equipped to determine a precise timetable for a background check as it is to adjudicate Mr. Awada's application. It is not known at what stage Plaintiff's background check is currently in or if there would be a need for further inquiry should the FBI find something.

This Court is not unsympathetic to Mr. Awada's deep desire to become a U.S. citizen. It is true, as the Government points out that, Mr. Awada is a permanent resident alien and is not removable. But, with citizenship come other benefits not derived solely from being able to live and work in this country, such as the right to vote.

Accordingly, this Court ORDERS that this matter be remanded to the CIS with instructions to expedite Mr. Awada's FBI background check. The Defendant is further ORDERED to render its determination as expeditiously and promptly as possible on Plaintiff Mustapha Awada's application.

### III. Conclusion

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' February 5, 2007 motion to dismiss or remand is GRANTED IN PART and DENIED IN PART, in accordance with the rulings set forth in this Opinion and Order.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated:  April 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager